## LOUIS BUCKNER *vs.* BELLA F. BUCKNER.

*Divorce: counsel fees to wife; for appeal from decree.*

Even after a decree against her, a wife, who has applied for
a divorce, and is without means, is entitled to counsel fees
and the costs of the record for presenting her case to the
Court of Appeals, irrespective of the actual merits of the
case.                                                p. 266

In such a case the lower Court has jurisdiction in the matter
and the parties and even though such an order is passed
without notice to the parties affected, it will not be reversed
by the Court of Appeals.                             p. 267

*Decided June 12th, 1912.*

Appeal from the Circuit Court No. 2 of Baltimore City
(STUMP, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, BURKE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Lewis Hollander* and *David Ash,* for the appellant.

*Clifton S. Brown* (with whom were *E. Allan Sauerwein,
Jr.,* and *Victor I. Cook* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

The appellant filed a bill against the appellee in the Cir-
cuit Court No. 2 of Baltimore City for a divorce *"a mensa et
thoro"* upon the ground of abandonment. The appellee filed
a cross-bill in which she also asked for a divorce *a mensa,*
alimony and counsel fee. Answers and replications were
filed and much testimony was taken by the respective parties

in support of their contentions.   The Court, on January
2nd, 1912, passed a decree dismissing the appellant's bill,
and allowing permanent alimony to the appellee of ten dollars
per week accounting from the 27th of November, 1911, and
it further decreed that the appellant should pay the sum
of two hundred and fifty dollars as counsel fees incurred by
her in the suit in addition to the sum of one hundred dollars
previously allowed her as a counsel fee.   From this decree
both parties appealed to this Court, which reversed the
decree, and held that the appellant was entitled to a divorce
*a mensa,* and that the appellee was living apart from her
husband without sufficient cause, and, therefore, was not
entitled to alimony.

And the transcript of the record in these appeals had been
transmitted to this Court, the appellee filed a petition in
the case stating that the plaintiff had appealed from the
decree, and that thereafter she had entered a cross appeal.
She further stated that she must engage counsel to represent
her in these appeals, and that she would be put to other
expense in connection with the appeal, and that she was
without funds to pay counsel and to meet these expenses.
Attached to the petition was a certificate of two members of
the bar, favorably known to this Court, that in their opin-
ion "from the nature of the proceedings and the questions
raised on appeal, having due regard to the financial respon-
sibility of the husband" a fee of five hundred dollars would
be reasonable.   The Court passed an order requiring the
husband to pay to his wife the sum of three hundred and
fifty dollars as counsel fee in connection with the appeal and
the further sum of fifty dollars for printing her brief, any
excess to be accounted for by the wife to the husband.   The
appeal before us is taken by the husband from that order.

The fee of three hundred and fifty dollars previously
allowed, and which appears to have been paid, was allowed
as counsel fees to the wife in the case then pending in the
lower Court, and was not intended to include compensation

to counsel for services to the wife on appeal to this Court, because no appeal was then pending and it was not known that one would be taken. The fee then allowed was adjudged by this Court in the first appeal to have been "proper and adequate under all the circumstances of the case."

The principal grounds urged for the reversal of the order appealed from are thus stated in the appellant's brief:

"It is, or should have been apparent to the Court that the wife, and not the husband, was at fault; especially should this have been apparent in the light of the attempted reconciliation and its obstinate refusal. The wife had failed either to sustain her answer, or her cross-bill, and she had caused the husband unconscionably, to incur heavy expense. It was the duty of her solicitors, under the facts of the case, even as alleged in her cross-bill, to have advised her against filing an answer, which they are charged with a knowledge of knowing that she would be unable to sustain; and it was their duty to advise her against filing a cross-bill, the allegations of which, if true, were insufficient to entitle her to the relief prayed; and it was especially the duty of her solicitor, with a full knowledge of the testimony taken in said cases and with a full knowledge of the many offers of reconciliation, and with a full knowledge of the offer of reconciliation subsequent to the rendition of the oral opinion and prior to the signing of the decree, to have advised her to accept said offer and thus to avoid the necessity of any solicitors' fees for this Court; instead of which, one of said solicitors admits in a part of this record that he, without conferring with her, and without her knowledge at the time, suggested to her said husband, that in his opinion, a reconciliation could only be effected upon his providing a separate home for himself and wife."

This does not appear to state the correct rule to be applied to applications of this kind. Lawyers will differ and Courts are not infallible; but inasmuch as the Court decided that the husband had no sufficient grounds for a divorce, she was

right in assuming the decision to be correct, and was justified in seeking to have it sustained by this Court.

She was without means to employ counsel to present her case to this Court, and in such a situation the Court had the undoubted right to pass the order.

It was said in *Daiger* v. *Daiger,* 2 Md. Chancery, 335, that, "It is believed, that no case can be found, in which the wife, living separate from her husband and without an income competent for her support, and the maintenance of the suit, has been denied temporary alimony, and an allowance to enable her to defend herself, or prosecute her suit against her husband. In *Wright* v. *Wright,* 1 Edwards, 62, the Vice-Chancellor said: "An allowance due a wife for alimony and money to carry on a suit is almost a matter of course;" that "in a suit, by a husband against a wife, for adultery, she is entitled to the means of making her defense;" and in that case, the Vice-Chancellor refused to consider affidavits tending to criminate the wife, saying, "he would not go into the merits of that stage of the cause," and in *Smith* v. *Smith,* same book, 253, temporary alimony and money to carry on the suit was allowed the wife, though the husband put in a plea supported by affidavit denying the marriage."

In *Coles* v. *Coles,* 2 Md. Chancery, 342, the Court said: "The general rule is clear and undisputed, that the wife, in these cases, is a privileged suitor, and that the Court, without inquiring into the merits, and whether she be plaintiff or defendant, will allow her alimony, *pendente lite,* and a sum for carrying on the suit. The rule is believed to be almost universal to allow a destitute wife, who has been abandoned, or is living apart from her husband, temporary alimony, and the means of prosecuting or defending a suit for divorce, and this without any inquiry whatever into the merits. Many of the cases establishing the rule and explanatory of the reasons upon which it rests was referred to in *Daiger* v. *Daiger,* recently decided by this Court."

The rule announced in these two cases has been uniformly followed in this State, and the fact that an appeal has been taken does not affect the power of the Court to make the allowance.

In *Rohrbach* v. *Rohrbach,* 75 Md. 318, the power of the Court to allow counsel fees and costs to the wife, *after an appeal had been taken,* was expressly recognized. In that case JUDGE ROBINSON said: "The right of a wife to a reasonable allowance for counsel fees and costs in proceedings of this kind is well settled in this State. This, indeed, was not and could not be disputed. So the only question here is whether the petition of the wife was too late, having been filed after an appeal from the one dismissing the bill. Now, the Code provides that applications for alimony "are to be heard and determined" in as full and ample manner as such questions could be heard and determined by the Ecclesiastical Court in England. And it is well settled that alimony may be allowed to the wife on application by her, after an appeal from an order or decree dismissing a bill in the divorce proceedings." He further said that, "although the appeal was taken, the Court still had jurisdiction of the parties, and having jurisdiction, it had the power to determine the question as to the right of the wife to an allowance of counsel fees and costs."

The appellant objects to the order, because it was passed without notice to him. But that circumstance does not affect the validity of the order. The Court had jurisdiction of the subject-matter and the parties, and whilst it may be conceded that the order was improvidently, or irregularly passed without notice to the appellant, it was not for that reason void for want of jurisdiction in the Court. Undoubtedly such orders should not be passed, unless in exceptional cases, without notice to the parties to be affected; but as the order appealed from is in all other respects free from objection, it will be affirmed.

*Order affirmed, with costs to the appellee.*