ALDA H. DOUGHERTY *v.* WILLIAM F. DOUGHERTY

[No. 34, October Term, 1947.]

*Decided November 19, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Harry Leonard Katz* and *Hyman Ginsberg,* with whom were *Ginsberg & Ginsberg* on the brief, for the appellant.

*Charles S. H. Lockman* for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal by the wife (defendant) from a decree, dated January 27, 1947, granting the husband a divorce *a vinculo,* dismissing her amended cross-bill, allowing her additional counsel fees for services in her former appeal and in the subsequent proceedings below and alimony *pendente lite* to August 28, 1946, the day on which the mandate from this court was filed in the lower court, but not thereafter. On the former appeal this court affirmed the finding that defendant was guilty of adultery, but reversed the decree of divorce and remanded the case to permit her to set up a defense of adultery on plaintiff's part. *Dougherty v. Dougherty,* 187 Md. 21, 48 A. 2d 451, 456. On this second appeal defendant complains of (1) finding that plaintiff was not guilty of adultery and (2) denial of alimony *pendente lite* since August 29, 1946.

On the former appeal it was held that the public interest in divorce cases required that defendant be given an opportunity to prove plaintiff's adultery, though as between the parties this defense might be too belated to merit a hearing. The public interest does not require that in considering the credibility of testimony the staleness of the testimony be ignored. At the first trial "defendant's solicitor, in asking for leave to amend, explained that he did not obtain the facts as to recrimination until the first day of the trial, but the witnesses were in court ready to testify to the facts." 187 Md. 21, 48 A. 2d 456. At the second trial defendant's principal witness and defendant herself both testified that about April, 1941 (before plaintiff left defendant) the witness telephoned plaintiff and plaintiff went to see her.

This witness testified, at length and in detail, that early in 1941 she advertised for a young lady to share her

apartment on Belair Road, and that plaintiff on behalf of "his young lady friend" answered the advertisement, made a deposit of a week's rent and the same evening brought around the so-called co-respondent, who stayed with witness for several months, both sleeping in the same bed, until one evening when witness "went out" with plaintiff and the co-respondent, the two women quarreled and the co-respondent left. The co-respondent says she left because witness "makes her living by bringing men off the street into her home" and she found witness in bed with a man. Witness testified to repeated visits by plaintiff to the co-respondent and to behavior which shows both disposition and opportunity for adultery, including spending a night together in the apartment while witness was away for the night. Witness says she herself has married one man who died, one whose marriage was annulled, and there was one she "was supposed to marry" but never did marry, who lived "as a boarder in her home" for several years and by whose name she was known by the neighbors and listed in the telephone directory up to the time she testified.

This witness's testimony as to plaintiff and the co-respondent was flatly denied by them. They say the co-respondent was a friend of the wife of a business associate and friend of plaintiff, that they first met at dinner at his friend's home, that on that occasion and another similar one plaintiff, at the request of his friend's wife, drove the co-respondent to her home on Belair Road, taking with him and back home his friend and the friend's wife and son, that plaintiff and the co-respondent never met except on these two occasions and once by chance in front of the B. & O. Building. This testimony is corroborated by plaintiff's friend.

A friend of defendant testified that in 1940 on three occasions she went with defendant to Broadway and saw plaintiff enter a house, stay about an hour and come out with the co-respondent. A niece of defendant says that once in 1942 she saw plaintiff talking with the co-respon-

dent in a department store where the co-respondent was then employed.

Whether plaintiff was proved guilty of adultery is a question of credibility, which can best be decided by the trial judge, who saw and heard the witnesses. If defendant's witness is believed, plaintiff was guilty. If plaintiff and the co-respondent are believed, he was not guilty. If none of them are believed, defendant has failed to sustain the burden of proof. The judge did not believe defendant's witness and did believe plaintiff and the co-respondent. We accept his finding. Defendant has failed to prove adultery on plaintiff's part.

The lower court's only reason for denying alimony *pendente lite* was that, this court having finally found defendant guilty of adultery, she could not (even if plaintiff were likewise guilty) be entitled to a divorce or to [permanent] alimony, and therefore "it would be contrary to the intent and purpose of the law to award alimony [*pendente lite*] to the wife * * * merely during the trial of a different issue which can not affect her right to [permanent] alimony." But alimony *pendente lite*, unlike permanent alimony, depends not upon guilt or innocence but only upon need. "The general rule is clear and undisputed, that the wife, in these cases, is a privileged suitor, and that the court, without inquiring into the merits, and whether she be plaintiff or defendant, will allow her alimony, *pendente lite,* and a sum for carrying on the suit. The rule is believed to be almost universal, to allow a destitute wife, who has been abandoned, or is living apart from her husband, temporary alimony, and the means of prosecuting or defending a suit for divorce, and this without any inquiry whatever, into the merits." *Coles v. Coles,* 2 Md. Ch. 341, 346. That case has repeatedly been quoted or cited and followed by this court. Wives found to be at fault both by the lower court and on appeal have been held entitled to alimony, as well as "suit money" (including counsel fees), pending appeal. *Sterling v. Sterling,* 145 Md. 631, 643, 644, 125 A. 809; *Daiger v. Daiger,* 154 Md. 501,

507-509, 140 A. 717; *Cohen v. Cohen*, 170 Md. 630, 638, 639, 187 A. 104. In other words, the wife is entitled to an allowance *pendente lite* to maintain the suit and also the suitor. *Cf. Brown v. Brown*, 3 Terry 157, 29 A. 2d 149, 153. "Sometimes there may be reasons for allowing her counsel fees and money for other expenses when the court, in the exercise of the discretion vested in it, will not grant alimony *pendente lite.*" *Hood v. Hood*, 138 Md. 355, 360, 113 A. 895, 897, 15 A. L. R. 774. But no such reasons have been suggested in the case at bar except the finding of the wife's adultery. The fact that in a number of other jurisdictions the law is different emphasizes the long-established Maryland law. *Schouler, Divorce, Separation and Domestic Relations*, (6th Ed.), sec. 1769; *Keezer, Marriage and Divorce*, (3d Ed.), pp. 643, 680. If abuses regarding alimony *pendente lite* require change in the law, change may be made by legislation. *Cf.* Code, art. 16, sec. 16.

On the former appeal we said, "* * * it is clear that a divorce to one of two equally guilty spouses is just as definitely against the provisions and policy of the law as any other divorce which the law forbids." 187 Md. 21, 31. 48 A. 2d 456. We think the policy and the public interest which required that this belated defense be heard required proper allowances *pendente lite*. We may assume that if this defense had prevailed, defendant would not have been entitled to permanent alimony. It does not necessarily follow that plaintiff might not have been compelled to support her, *e. g.*, by criminal proceedings (Code, art. 27, sec. 89, as amended) or by actions at law for necessaries. Until a suit for divorce is finally disposed of, maintenance *pendente lite* can be enforced by the divorce court, without resort to criminal proceedings or actions at law. We think that alimony *pendente lite* should have been continued pending this appeal.

> *Decree affirmed in part and reversed in part, and cause remanded for passage of a decree in accordance with this opinion, costs to be paid by appellee.*