Kenneth T. SULLIVAN, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 7616.

United States Court of Appeals Fourth Circuit.

Argued April 15, 1958.

Decided June 2, 1958.

Milton I. Baldinger, Washington, D. C. (Ruth Cooper Breslauer, Washington, D. C., on the brief), for petitioner.

J. Dwight Evans, Jr., Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and PAUL, District Judge.

SOBELOFF, Chief Judge.

This petition to review a decision of the Tax Court presents a single issue, whether the pendency of an appeal from a Maryland divorce decree operated to suspend or stay the decree so as to permit Kenneth T. and Carrie Miller Sullivan to file a joint tax return.

The facts are simple and stipulated. On October 15, 1951, the Circuit Court for Montgomery County, Maryland, granted Mr. Sullivan a divorce *a mensa et thoro* from his wife. Mrs. Sullivan appealed from this and from the denial of her cross bill for an *a mensa* divorce, and on April 3, 1952, the Court of Appeals of Maryland affirmed the decree of the chancellor. Sullivan v. Sullivan, 1952, 199 Md. 594, 87 A.2d 604.

For the taxable year ending December 31, 1951, the Sullivans filed a joint tax return, but the Commissioner determined that individual returns should have been filed and assessed a deficiency of $7,256.08 against Mr. Sullivan. The Tax Court affirmed and this proceeding was initiated.

Section 51 of the Internal Revenue Code of 1939 (26 U.S.C.A., 1952 ed., Sec. 51) [1] accords to "a husband and wife"

---

1. "§ 51. Individual returns.

      *      *      *      *      *

"(b) [As amended by Section 303, Revenue Act of 1948], *Husband and Wife.*

"(1) *In general.* A husband and wife may make a single return jointly. Such a return may be made even though one of the spouses has neither gross income nor deductions. If a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several.

      *      *      *      *      *      *

the right to make a "single return jointly." The statute further provides that "an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." Moreover, as both Sullivans had the same taxable year, the statute declares that their status as husband and wife shall be determined "as of the close of such year." Our concern, therefore, is with the marital status of the Sullivans as of December 31, 1951, when they were divorced by a decree of the lower court, and the appeal therefrom was undecided. Tres. Reg. 111, Sec. 29.51–1 (as amended by T. D. 5687, 1949–1 Cum.Bull. 9, 22).

■ The precise question under Maryland law has not been decided. In Commissioner of Internal Revenue v. Eccles, 1953, 208 F.2d 796, we upheld a decision of the Tax Court which permitted a joint tax return to be filed by a husband and wife who were separated by a Utah divorce decree which was interlocutory and not yet final. We noted that "the decision of the Tax Court was clearly correct for reasons adequately stated in its opinion," and in so doing, we gave our approval to the rule, adopted in the Tax Court, that the issue of marital status must be determined according to the law of the state in which the decree was issued. Marriner S. Eccles, 1953, 19 T.C. 1049. See, also, Joyce Primrose Lane, 1956, 26 T.C. 405; J. R. Calhoun, Jr., 1956, 27 T.C. 115. Maryland practice, however, does not know interlocutory divorce decrees.

■ Taxpayer does not dispute that a Maryland a mensa divorce constitutes a sufficient legal separation to prevent the filing of a joint return. Cf. Marcel Garsaud, 1957, 28 T.C. 1086 (C C H Dec. 22,547). He recognizes the

force of the Maryland decisions and statute under which a divorce a mensa et thoro suspends the right of cohabitation (Roberts v. Roberts, 1931, 160 Md. 513, 523, 154 A. 95), and empowers the court to award to the wife such property or estate as she had when married (Md. Code (1951), Art. 16, Sec. 34; Tyson v. Tyson, 1880, 54 Md. 35). Sullivan contends, however, that the entry of his wife's appeal operated to suspend the divorce decree and to restore the parties to the same status as before.

In the absence of a Maryland decision determining the status, before the disposition of an appeal, of a decree dissolving a marriage, taxpayer has resorted to argument based on decisions dealing with the problem of a wife's right to counsel fees and alimony pendente lite. He relies heavily upon Dougherty v. Dougherty, 1947, 189 Md. 316, 55 A.2d 787, which held that although a wife's right to permanent alimony depends upon her having a basis for divorce, she is entitled to alimony pendente lite and counsel fees during the prosecution of an appeal, even though, in the lower court, her husband, and not she, was held entitled to the divorce. See, also, Saltzgraver v. Saltzgraver, 1944, 182 Md. 624, 35 A.2d 810. This, maintains the taxpayer, shows that there is no finality to a divorce until determination of the appeal.

We disagree. The practice of allowing a divorced wife alimony pendente lite and counsel fees until the disposition of the appeal is dictated by hard practical necessities. The fact that the wife may be awarded alimony and counsel fees until the appeal is ended does not militate against the concept of a valid decree pending appeal.

"(5) *Determination of status.* For the purposes of this section—
"(A) the status as husband and wife of two individuals having taxable years beginning on the same day shall be determined—
"(i) if both have the same taxable year—as of the close of such year; and

"(ii) if one dies before the close of the taxable year of the other—as of the time of such death; and
"(B) an individual who is legally separated from his spouse under a decree of divorce or of separate maintenance shall be considered as married. * * "

In some states the right to alimony and counsel fees during appeal was created by statute. See Annotation, Alimony —By Trial Court—Pending Appeal, 19 A.L.R.2d 703, 706; 17 Am.Jur., "Divorce and Separation," Sec. 632, p. 707. In others, as in Maryland, the practice of making such allowances simply grew up, without any theorizing about the status of the decree of the lower court pending review. See, e. g., Buckner v. Buckner, 1912, 118 Md. 263, 84 A. 471; Cook v. Cook, 1934, 166 Md. 704, 71 A. 722. Thus, where the wife had obtained an *a mensa* decree and appealed only from the amount of permanent alimony, without attacking the divorce, her husband was still required to pay her counsel fees and costs of the appeal. Indisputably in this case there was no suspension of the divorce pending appeal. Timanus v. Timanus, 1940, 178 Md. 640, 16 A.2d 918.[2]

■ We turn therefore to the rule which prevails in equity cases generally. At an early date, the Court of Appeals of Maryland settled the law that an appeal does not vacate the decree of an equity court, or suspend its operation. Thompson v. McKim, 1825, 6 Har. & J. 302, 333. By statute Maryland has provided that an appeal shall not stay a decree or order, unless the appellant shall give bond; and the court which made the decree or order is empowered in its discretion to deny a stay. Md.Code (1951), Art. 5, Sec. 33.

In Chappel v. Chappel, 1896, 86 Md. 532, 32 A. 984, and Berman v. Berman, 1948, 191 Md. 699, 62 A.2d 787, the general rule was impliedly accepted as applicable to divorce proceedings. In each of these cases the husband was denied the right to file a supersedeas bond to stay the execution of that part of the decree which awarded the wife alimony during the appeal. The Government argues that if an appeal had the effect of staying a decree of a divorce court, the order allowing the wife alimony *pendente lite* would likewise be suspended, and there would have been no need or possibility for the Court to hold that the alimony order could not be suspended by supersedeas.

While we are not prepared to adopt the Government's logic (see Annotation, Alimony—By Trial Court—Pending Appeal, 19 A.L.R.2d 703, 709, et seq.), the Chappel and Berman cases were decided on the broad ground that the decree could not be stayed because the statute authorizing stay of a decree was enacted before equity acquired divorce jurisdiction, and could not be applied to divorce cases.[3] We know of no precedent for

2. Stray expressions in other opinions which may be thought to suggest a contrary view do not deal with our problem. In Tome v. Tome, 1941, 180 Md. 31, 22 A.2d 549, 551, 552, a divorce decree had been in effect for a number of years. The award of alimony had been subsequently reduced and the ex-wife sought to reinstate the original allowance. The Court granted this relief but denied her counsel fees. The Court in such a case was justified in saying that the right to counsel fees is "based solely on the existence of the marital relation." This statement, however, does not presuppose a suspension of the divorce during appeal. In fact, in the same opinion, the Court said of an ex-husband: "His obligations to his *former* wife are satisfied when he has paid the permanent alimony and payment of such counsel fee as may be allowed for services up to such final decree, or on appeal therefrom." (Italics supplied.) This identification of the wife's right to counsel fees on appeal with her right to permanent alimony indicates that there need be no subsisting marriage to sustain either.

3. The fact that a divorce court in Maryland sits as an ecclesiastical court and applies the principles of the English ecclesiastical law where not inconsistent with Maryland law (Cf., Dougherty v. Dougherty, 1946, 187 Md. 21, 48 A.2d 451), does not require us to resort to British cases. The instant case does not raise problems of substantive divorce law, but the question is rather the effectiveness of a decree pending appeal, which is one of appellate procedure, and does not require us to look beyond Maryland.

staying a divorce decree in Maryland, pending appeal, and no such stay was attempted in this case.

Citation of decisions from other jurisdictions is unprofitable. The several states have conflicting theories as to the effect of appeals generally and divorce proceedings in particular, and their decisions are often based upon particular statutory enactments not found in the Maryland law. See 3 Nelson, Divorce and Annulment (2d ed., 1945), Sec. 30.07, p. 256; 3 Am.Jur., "Appeal and Error," Sec. 552, p. 202; 35 Am.Jur., "Marriage," Sec. 164, p. 281.[4] Even in a state where, unlike Maryland, an appeal was given the effect of a supersedeas, it was held that affirmance of the decree on appeal established the status as of the date of the original decree, a view fatal to the taxpayer's claim here. Woods v. Woods, Kansas City Court of Appeals 1942, 236 Mo.App. 855, 159 S.W.2d 320.

■ We hold that in Maryland an appeal does not suspend a decree of divorce.

Sullivan's second contention is that the Government's position here is inconsistent with the settled construction of another section of the 1939 Internal Revenue Code from which language found in the joint return section is derived.

He calls attention to the legislative history of Section 51 (the joint return section), noting the statement in the Senate Report: "The rule with respect to the marital status of an individual legally separated from his spouse under a decree of divorce or of separate maintenance is derived from a corresponding provision in section 22(k) of the Code, relating to the tax treatment of alimony and like payments." S.Rep.No. 1013, 80th

Cong.2d Sess.; 1948–1 Cum.Bull. 285, 324.

Since the Tax Court, in Wick v. Commissioner, 1946, 7 T.C. 723 decided that certain payments of alimony *pendente lite* could not be deducted by the husband under section 22(k), Sullivan maintains that during the period of alimony *pendente lite*, uniformity of tax treatment requires that the parties be permitted to file a joint return. The suggestion will not survive a careful examination of the Wick case. It did not hold that alimony *pendente lite* is never deductible under Section 22(k). It merely declared that alimony *pendente lite before* the entry of an *a mensa* decree of divorce in a lower Pennsylvania Court, was not alimony paid under a decree of divorce or of separate maintenance. Moreover, the Tax Court's opinion flatly stated that if it had been considering alimony payments made *after* the lower Court's divorce decree, such payments would be regarded as made under a decree of separate maintenance (and consequently deductible). Since the lower court's divorce decree, entered January 22, 1944, had been appealed from, and the appeal was not decided until April 9, 1945, the *dictum* of the Wick case lends strong support to the view that alimony payments pending appeal are deductible, and that, correspondingly, a joint return may not be filed if on the controlling date the decree was on appeal. See, also, McKinney v. Commissioner, 1951, 16 T.C. 916.

■ We are of the opinion that the Tax Court was correct in its conclusion, and its decision is

Affirmed.

---

4. For jurisdictions in which, usually by specific statutory enactment, the entry of an appeal within the prescribed time suspends the operation of the divorce decree until the ultimate disposition of the case, see, e. g., Eirmann v. Moderbach, 1941, 198 La. 1062, 5 So.2d 335; Tillinghast v. Tillinghast, 1928, 58 App.D.C. 107, 25 F.2d 531; Woods v. Woods, Kansas City Court of Appeals 1942, 236 Mo.App. 855, 159 S.W.2d 320; Westphalen v. Westphalen, 115 Neb. 217, 212 N.W. 429.

On the other hand, the Supreme Judicial Court of Massachusetts held, "A decree for divorce is not suspended nor are the proceedings stayed by the appeal unless the court so orders." Eldridge v. Eldridge, 1932, 278 Mass. 309, 180 N.E. 137, 140. See, also, Stewart v. Stewart, 1937, 127 Pa.Super. 567, 193 A. 860.