MARSHALL JAMES WAGNER, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wagner v. Commissioner
Docket No. 3905-87
United States Tax Court
T.C. Memo 1990-31; 1990 Tax Ct. Memo LEXIS 31; 58 T.C.M. (CCH) 1239; T.C.M. (RIA) 90031; January 17, 1990
Marshall James Wagner, Jr., pro se. J. Scot Simpson, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency of $ 13,364.98 in petitioner's Federal income tax for the year 1983. The issues are whether petitioner in 1983 is entitled to: (1) a theft loss deduction equal to one half of the funds that his wife, from whom he was later separated and divorced, withdrew from their joint bank accounts; (2) a theft loss deduction for one half of the value of household furnishings removed by or on behalf of his wife from their apartment; (3) a casualty loss deduction with respect to a 1975 Granada automobile; *33 and (4) the filing status of a single person. Respondent has conceded that petitioner did not receive interest income of $ 351 in 1983. Some of the facts are stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Our findings of fact and opinion are combined for convenience in deciding the issues in this case. Petitioner resided in Flagler Beach, Florida, when he filed his petition. 1. Loss of Funds in Joint Bank Accounts. Petitioner has the burden of proving that respondent's disallowance of the theft loss deductions is erroneous. Rule 142(a). In 1955 petitioner married Lillian C. Wagner. In November 1982 they opened a joint savings account and a joint checking account at the Fairfax Savings Association in Baltimore, Maryland. On August 11, 1983, Mrs. Wagner had $ 59,569.81 transferred from the joint savings account to the joint checking account. On the same day she withdrew $ 59,569.81 from the joint checking account and deposited the money in an individual account in her name at the Fairfax Savings Association. Petitioner never recovered any part of the $ 59,569.81. On August 30, 1983, Mrs. Wagner *34 filed a Bill of Complaint for Divorce a Mensa et Thoro (a limited divorce or a divorce from bed and board) in the Circuit Court for Baltimore County, Maryland. The complaint seeking a limited divorce was served on petitioner and was still pending at the end of 1983. A final absolute decree of divorce was obtained by Mrs. Wagner in 1988. On his income tax return for 1983 petitioner claimed a deduction for a theft loss of $ 29,784.90, or one half of the amount transferred by Mrs. Wagner from the joint checking account to her individual account. In his notice of deficiency, respondent disallowed the deduction. Section 165(a), Internal Revenue Code of 1954, as amended and in effect for the year 1983, allows as a deduction any losses sustained during the taxable year and not compensated for by insurance or otherwise. However, section 165(c)(3) limits the deduction under section 165(a) by individuals for losses not connected with a trade or business to losses which arise from casualty or theft. Essential elements of a theft are the commission with criminal intent of *35 an illegal act or acts in the jurisdiction where the alleged theft occurred. Since the transaction which gave rise to the alleged loss in this case occurred in Maryland, the question of whether the loss constituted a theft must be determined under the law of that state. Edwards v. Bromberg, 232 F.2d 107, 111 (5th Cir. 1956). There were no restrictions under Maryland law on Mrs. Wagner's right to withdraw funds from the joint accounts. See Sody v. Sody, 32 Md. App. 644, 363 A.2d 568, 574 (1976); and sections 5-303 and 9-414 Md. Financial Institutions Code Ann. (1987). In addition, petitioner has failed to show any criminal intent with respect to the transaction. Therefore it is clear that under Maryland law no illegal act occurred when Mrs. Wagner withdrew the funds. It is equally clear that petitioner has failed to meet his burden of proving he sustained a theft loss from the withdrawal under Maryland law and within the meaning of section 165(c)(3) of the Code. Furthermore the question of whether petitioner was entitled to any part of the funds withdrawn by Mrs. Wagner was properly within the jurisdiction of the Circuit Court in the divorce *36 action. Sody v. Sody, supra. Yet the record before us contains no evidence of what interest, if any, petitioner claimed in the joint funds in the divorce proceedings or how such claim was resolved by the Circuit Court.
2. Loss of Household Furnishings. Petitioner contends that he is also entitled to a theft loss deduction equal to one half of the value of certain household furnishings removed by or on behalf of Mrs. Wagner from their Baltimore apartment in 1983. The furnishings were placed in storage in the same building in which the apartment was located. Moreover, the removal of the furnishings from the apartment was apparently authorized by petitioner when he told his wife she could have them. At trial, petitioner offered no evidence of any criminal intent of Mrs. Wagner with respect to the removal of the household furnishings. Nor did he offer any evidence from which the extent of his ownership in the property or its value can be determined. Furthermore, as with the alleged theft of funds from their joint bank accounts, any claim petitioner had to the household furnishings was properly determinable by the Circuit Court in the divorce proceeding. *37 Yet, the record before us contains no evidence of what claim, if any, was made with respect to the furnishings by petitioner in that proceeding. Here again, petitioner has the burden of proving that a theft occurred under the state law which requires the establishment of both a criminal intent and an illegal act. However, in short, he has failed to prove that a theft of the household furnishings occurred, what items were taken, their value, and his basis therein. We conclude, therefore, that petitioner is not entitled to a theft loss deduction with respect to the household furnishings. 3. Loss of an Automobile. Petitioner also contends that he is entitled to a loss deduction of $ 10,000 under section 165(c)(3) for an "other casualty" for the replacement of a 1975 Granada with a 1983 Ford truck. It seems that in 1983 and during petitioner's marital difficulties his wife's brother obtained possession of an extra set of keys to petitioner's eight-year-old Granada. Petitioner testified that in 1983 he sold the car to a dealer for only $ 25 just to remove its title from his name because he did not want to run the risk of his brother-in-law obtaining possession and use *38 of the car with the extra keys. He replaced the undamaged Granada with a new Ford truck that cost about $ 10,000. Section 165(c)(3) allows as a deduction a loss of property not connected with a trade or business or a transaction entered into for profit, if such loss arises from a fire, storm, shipwreck, or other casualty or from theft. In White v. Commissioner, 48 T.C. 430, 435 (1967), as used in section 165(c)(3) the term "other casualty" is defined as an unexpected, accidental force exerted on property which the owner is powerless to prevent because of its suddenness, and which results in or is the proximate cause of a loss like or similar to a loss arising from fire, storm or shipwreck. From petitioner's own testimony, it is apparent that no casualty occurred with respect to his Granada. He merely sold an eight-year-old car for $ 25 because someone else had obtained a set of keys to it. Under the circumstances we are inclined to believe that petitioner is attempting to claim a loss deduction for the progressive deterioration of the old automobile. This does not *39 constitute a "casualty." Fay v. Helvering, 120 F.2d 253 (2d Cir. 1941). In any event, if a loss occurred, its amount is determined by the value of the old car not the cost of the replacement vehicle. From the record before us we conclude that petitioner has failed to carry his burden of proving that he is entitled to a casualty loss deduction with respect to the Granada. 4. Filing Status. On his income tax return for 1983 petitioner claimed the filing status of a married person filing a separate return. He now claims to be entitled to the filing status of a single person. The determination of an individual's filing status as a married person filing a separate return or as a single person depends on his marital status at the end of the taxable year. Sec. 143(a)(1), redesignated as section 7703 in 1986. An individual will not be considered married who is legally separated, at the end of the taxable year, under a decree of divorce or separate maintenance. Sec. 143(a)(2). Even when living apart from his or her spouse, an individual will be considered married *40 unless legally separated under a decree of divorce or separate maintenance. Sec. 1.143-1(a), Income Tax Regs. Whether a taxpayer is married for Federal income tax purposes is determined by reference to the laws of the State of the marital domicile of the parties. Dunn v. Commissioner, 70 T.C. 361, 366 (1978), affd. without published opinion 601 F.2d 599 (3d Cir. 1979). We have found that on August 30, 1983, a Bill of Complaint for Divorce a Mensa et Thoro was filed in the Circuit Court for Baltimore County and served on petitioner. Maryland law provides for a limited divorce (a mensa et thoro) or an absolute divorce (a vinculo matrimonii). Secs. 7-102 and 7-103Md. Family Law Code Ann. (1984). A limited divorce is one from bed and board. It grants to the injured spouse only the right to live separate and apart from the one at fault. The parties, however, remain man and wife because there is no severance of the marital bond. Courson v. Courson, 213 Md. 183, 129 A.2d 917 (1957). Nevertheless a limited divorce *41 constitutes a sufficient legal separation to prevent the filing of a joint return. Sullivan v. Commissioner, 256 F.2d 664 (4th Cir. 1958). Therefore, if the limited decree of divorce sought by Mrs. Wagner had been granted in 1983, petitioner would not have been entitled to file a joint return and would have been entitled to file a return as a single person. However, a final decree of divorce was not obtained by Mrs. Wagner until 1988. Consequently, petitioner was married at the end of 1983 and was not entitled to file as a single person. See Hill v. Commissioner, T.C. Memo. 1983-112, affd. 723 F.2d 901 (4th Cir. 1983). To reflect the concession made by respondent, Decision will be entered under Rule 155.