T.C. Summary Opinion 2010-60


UNITED STATES TAX COURT


GABRIEL MORA AND MIRNA SILVERIO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6732-07S.                   Filed May 10, 2010.


Gabriel Mora and Mirna Silverio, pro sese.

<u>Anne M. Craig</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2004 Federal income tax of $5,958, an addition to tax of $307.05 under section 6651(a)(1) for failure to timely file a tax return, and an accuracy-related penalty of $1,191.60 under section 6662(a). In an affirmative pleading, respondent asserts that petitioners are not entitled to the filing status of married filing jointly for 2004.

After concessions, the issues for decision are:

(1)  Whether petitioners are entitled to the filing status of married filing jointly;

(2)  whether petitioners are entitled to dependency exemption deductions for petitioner Mora's two parents, two nieces, and nephew;

(3)  whether petitioners are entitled to the child tax credit and additional child tax credit for the two nieces and nephew;

(4)  whether petitioners are liable for the addition to tax for failure to timely file; and

(5)  whether petitioners are liable for the accuracy-related penalty.

## Background

None of the facts have been stipulated by the parties. Petitioners resided in the State of Florida when the petition was filed. Petitioners have limited English proficiency, and their testimony was given through an interpreter at trial. References to petitioner in the singular are to petitioner Gabriel Mora.

At all relevant times petitioners were not married, but lived together as husband and wife. During 2004 petitioner worked for a landscaping company, but petitioner Silverio did not work outside the home and had no income. Petitioners have a daughter, S.M., who lived with them and was a minor in 2004.[2]

During 2004 petitioner wired approximately $1,900 to family members in Mexico.[3] Petitioner sent the money to help support his parents, two nieces, and nephew, who resided together on a farm in Mexico. The nieces and nephew were between the ages of 10 and 13 during the year in issue.

Petitioners' 2004 Federal income tax return was completed by a professional tax return preparer and untimely filed in June 2005. The return is dated May 27, 2005, and was received by respondent on June 20, 2005. Petitioners filed the return using

---

[2] It is the policy of the Court to refer to minors only by their initials. See Rule 27(a)(3).

[3] The record includes receipts for six wire transactions totaling $1,897. Petitioner indicated that he was unable to locate receipts for all of the wire transactions for 2004.

the filing status of married filing jointly and claimed six dependency exemption deductions: one for their daughter and five for petitioner's relatives in Mexico (two parents, two nieces, and a nephew). Petitioners also claimed the child tax credit and the additional child tax credit for four children: their daughter and petitioner's two nieces and nephew.

In a notice of deficiency, respondent denied the dependency exemption deductions for petitioner's parents, nieces, and nephew and denied the child tax credit and additional child tax credit for petitioner's nieces and nephew. Respondent also determined that petitioners are liable for the addition to tax for failure to timely file a tax return and the accuracy-related penalty based on negligence or disregard of rules or regulations.

In respondent's Amendment to Answer respondent alleges that petitioners were not entitled to file a joint return because petitioners were not married in 2004, but concedes that petitioner is entitled to head-of-household filing status and two exemption deductions: one for petitioner Silverio and one for petitioner's daughter, S.M.[4]

---

[4] Petitioner is also entitled to the child tax credit for his daughter.

## Discussion

### A. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proof to establish that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Under section 7491(a)(1), the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. Petitioners have not alleged that section 7491 applies, nor did they introduce the requisite evidence to invoke that section; therefore, the burden of proof remains on petitioners.

### B. Filing Status

Pursuant to section 6013, a husband and wife may generally file a joint Federal income tax return. Married individuals, as defined in section 7703, who elect to file a joint return under section 6013 are eligible for the filing status of married filing jointly. Sec. 1(a)(1). The determination of whether an individual is married shall be made as of the close of the

taxable year.  Sec. 7703(a)(1).  Whether a taxpayer is married for Federal income tax purposes is determined by reference to the laws of the State of the taxpayer's marital domicile.  See Sullivan v. Commissioner, 256 F.2d 664 (4th Cir. 1958), affg. 29 T.C. 71 (1957); Dunn v. Commissioner, 70 T.C. 361, 366 (1978), affd. without published opinion 601 F.2d 599 (7th Cir. 1979); Lee v. Commissioner, 64 T.C. 552, 556-559 (1975), affd. 550 F.2d 1201 (9th Cir. 1977).

Petitioners admit that they were not married at the close of 2004.  In addition, Florida State law does not recognize common law marriage.  Fla. Stat. Ann. sec. 741.211 (West 2005).

In view of the foregoing, we hold that petitioners are not entitled to married filing jointly filing status for 2004. Accordingly, and as allowed by respondent, petitioner shall be given head-of-household filing status.[5]

---

[5]  As petitioner Silverio had no income in 2004 she has no tax liability for that year; however, by virtue of sec. 6211(b)(4)(B) there is a deficiency in her income tax for 2004 equal to the disallowed additional child tax credit.  As petitioner is likewise liable for the disallowed additional child tax credit, respondent concedes that such amount will be collected only once.

C.  <u>Dependency Exemption Deductions</u>[6]

Petitioner claims that he is entitled to dependency exemption deductions for his parents, two nieces, and nephew, who lived in Mexico throughout 2004.

A taxpayer may be entitled to claim a dependency exemption deduction for each individual who qualifies as the taxpayer's dependent under sections 151 and 152.  Secs. 151(a), (c), 152. As relevant herein, an individual must meet the following tests in order to qualify as a dependent of the taxpayer:  (1) Gross income test; (2) support test; (3) relationship test; and (4) citizenship or residency test.  Secs. 151 and 152.

A taxpayer is entitled to a dependency exemption deduction for each dependent, as defined in section 152, whose gross income for the taxable year is less than the exemption amount.  Sec. 151(c)(1)(A).  The exemption amount for 2004 was $3,100.  Sec. 151(d)(1), (4); Rev. Proc. 2003-85, sec. 3.16, 2003-2 C.B. 1184, 1188.  Section 152(a) provides that the term "dependent" means an individual over half of whose support for the year was received from the taxpayer.  "Dependent" may include a taxpayer's parent or niece or nephew.  Sec. 152(a)(4), (6).  A "dependent" must be a U.S. citizen or national, or resident of the United States,

_____

[6] We note that the Working Families Tax Relief Act of 2004, Pub. L. 108-311, 118 Stat. 1166, amended, inter alia, secs. 151, 152, 24(c), and 2(b)(1)(A)(i) effective for tax years beginning after Dec. 31, 2004.  Thus, we apply the law as it was applicable to tax year 2004, i.e., as it existed prior to such amendment.

Canada, or Mexico at some time during the calendar year in which the taxable year of the taxpayer begins. Sec. 152(b)(3); sec. 1.152-2(a)(1), Income Tax Regs.

In order to prove that a taxpayer provided more than half of the support for his dependents, the taxpayer must establish the entire amount expended for their support from all sources. Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971). In addition, the taxpayer must demonstrate that the dependents' gross income did not exceed the exemption amount. Sec. 151(c)(1)(A), (d)(1), (4).

The record in the present case is devoid of evidence regarding either the total amount spent for the support of petitioner's parents, nieces, and nephew (by petitioner and from other sources) or the gross income of petitioner's parents in 2004. Thus, although petitioner's parents, nieces, and nephew satisfy the relationship and residency tests, petitioner has not proven either that he satisfies the support test or that his parents satisfy the gross income test.

We commend petitioner for contributing to the support of his relatives in Mexico. However, he has not shown either the extent of such support or the gross income of his parents. Accordingly, we hold that petitioner is not entitled to dependency exemption deductions for his parents, nieces, and nephew for 2004.

D.  Child Tax Credit and Additional Child Tax Credit

Section 24(a) allows taxpayers a credit against tax imposed for each qualifying child.  Section 24(c)(1)(A) provides that a "qualifying child" for purposes of section 24 is any individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year".  Section 24(d) provides that a portion of the credit may be refundable, which portion is commonly referred to as the additional child tax credit.

Because petitioner is not entitled to dependency exemption deductions for his two nieces and nephew under section 151, he is not entitled to a child tax credit or additional child tax credit for them under section 24.

E.  Addition to Tax for Failure To File

Section 6651(a)(1) imposes an addition to tax for failure to file a return by its due date.  The addition equals 5 percent of the tax required to be shown on the return for each month or fraction thereof that the return is late, not to exceed 25 percent.  Sec. 6651(a)(1), (b)(1).

Section 7491(c) generally provides that the Commissioner bears the burden of production with respect to the liability of an individual for any penalty or addition to tax.  The Commissioner may meet his burden of production by coming forward with sufficient evidence indicating that it is appropriate to

impose the relevant penalty or addition to tax.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Respondent has met his burden of production.

In the absence of an extension, the last date for petitioner to have timely filed a 2004 Federal income tax return was Friday, April 15, 2005.  See sec. 6072(a).  Petitioner's 2004 Federal income tax return was dated May 27, 2005, and was not received by respondent until June 20, 2005.

"A failure to file a tax return on the date prescribed leads to a mandatory penalty unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect."  McMahan v. Commissioner, 114 F.3d 366, 368 (2d Cir. 1997), affg. T.C. Memo. 1995-547.  A showing of reasonable cause requires a taxpayer to show that he exercised "ordinary business care and prudence" but was nevertheless unable to file the return within the prescribed time.  United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner has not offered any evidence to establish that the late filing was due to reasonable cause and not due to willful neglect.  See sec. 6651(a)(1).  Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a).

F. <u>Section 6662 Penalty</u>

Section 6662(a) and (b)(1) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). The Commissioner bears the burden of production with respect to the accuracy-related penalty. See sec. 7491(c); <u>Higbee v. Commissioner</u>, <u>supra</u>.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The determination of whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Circumstances that may indicate reasonable cause and good faith include the extent of the taxpayer's effort to properly assess the tax liability and an honest misunderstanding of fact or law that is reasonable in light of the taxpayers's experience, knowledge, and education. <u>Id.</u> Reliance on the advice of a professional tax adviser does not necessarily demonstrate

reasonable cause and good faith; however, professional advice constitutes reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith. Id.

The taxpayer bears the burden of proving that he or she did not act negligently or disregard rules or regulations. Rule 142(a); Welch v. Helvering, 290 U.S. at 115; Higbee v. Commissioner, supra at 447; see sec. 7491(c) (regarding the Commissioner's burden of production).

We are satisfied that petitioner, whose command of the English language is limited at best, made a good faith effort to properly determine his 2004 Federal income tax liability and that his underpayment results from reliance on the advice of a professional tax adviser combined with an honest misunderstanding of fact or law that is reasonable in light of his experience, knowledge, and education. Accordingly, we hold that petitioner is not liable for the section 6662(a) accuracy-related penalty for 2004.

### Conclusion

We have considered all of the arguments made by petitioners, and, to the extent that we have not specifically addressed those arguments, we conclude that the arguments do not support a result contrary to those reached herein.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
